UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANDHYA DESMOND,<br>　　Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:08-cv-00346 (VLB) |
| YALE-NEW HAVEN HOSPITAL, INC.,<br>ET AL., | : | |
| | : | |
| 　　Defendants. | : | March 23, 2009 |

## MEMORANDUM OF DECISION ON
## DEFENDANTS' MOTIONS TO DISMISS [Docs. #30, 31]

The defendants, Yale-New Haven Hospital, Inc., Yale-New Haven Health Services, Inc., and Concentra, Inc., move to dismiss the ten count amended complaint filed by the plaintiff, Sandhya Desmond. The defendants argue pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) that the Court lacks subject matter jurisdiction and that nine of the ten counts fail to state claims upon which relief can be granted. The defendants also argue that Desmond's amended complaint should be dismissed in its entirety because it is not "short and plain" as required by Fed. R. Civ. P. 8(a). For the reasons given below, the Yale-New Haven defendants' motion to dismiss [Doc. #30] is GRANTED in part and DENIED in part, and Concentra's motion to dismiss [Doc. #31] is GRANTED.

The following facts taken from Desmond's amended complaint are relevant to the motions to dismiss. In June 2003, Desmond began working at Yale-New Haven Hospital as a physician assistant. While she was at work on December 30, 2004, she slipped on a liquid and fell on her hands and knees, injuring them. She

then filed a claim with the Connecticut Workers' Compensation Commission. Yale-New Haven Health Services administers the workers' compensation medical plan for Yale-New Haven Hospital, and Concentra performs utilization review services, evaluating the medical necessity of treatments sought under that plan. Since Desmond filed her workers' compensation claim, the parties have disputed the medical necessity of various treatments that Desmond has sought, and proceedings to resolve those issues are presently ongoing before the Workers' Compensation Commission. Desmond has also been terminated from her job.

Desmond filed the present case on March 6, 2008. Her amended complaint states the following causes of action: Yale-New Haven Hospital terminated her in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. (count one); the defendants violated the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42a-110a et seq., by seeking to delay or to deny certain medical treatments (counts two, three, and ten); the defendants acted negligently by seeking to delay or to deny certain medical treatments (counts four, six, and eight); and the defendants breached their duties under the Connecticut workers' compensation statutes by seeking to delay or to deny certain medical treatments (counts five, seven, and nine).

The defendants move to dismiss all of the counts of Desmond's amended complaint. "The Federal Rules of Civil Procedure require that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). Under this simplified standard for pleading, a court

may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. . . . [The court] therefore must construe the complaint liberally . . . ." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  The court "accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party. . . .  In general, [the court's] review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."  Id.  "To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face."  Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).

  The Court first examines the nine state law counts of Desmond's amended complaint, which allege that the defendants violated CUTPA, acted negligently, and breached their duties under the workers' compensation statutes by seeking to delay or to deny certain medical treatments.  The defendants move to dismiss those counts pursuant to DeOliveira v. Liberty Mutual Ins. Co., 273 Conn. 487, 870 A.2d 1066 (2005).  In that case, the Connecticut Supreme Court determined that insurers cannot be sued under Connecticut state law for "bad faith processing of a workers' compensation claim."  Id. at 494.  The court first cited the relevant portion of the exclusivity provision of the Connecticut Workers' Compensation Act:  " 'An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal

injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees as provided under this chapter . . . . All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees . . . arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter . . . .' [Conn. Gen. Stat.] § 31-284(a). The exclusivity provision manifests a legislative policy decision that a limitation on remedies under tort law is an appropriate trade-off for the benefits provided by workers' compensation." Id. at 495-96. After reviewing the legislative history of the Workers' Compensation Act and judicial decisions in other jurisdictions, the court concluded that it "must construe the exclusionary provision's prohibition on damages actions for injuries 'arising out of and in the course of . . . employment' to include injuries arising out of and in the course of the *workers' compensation claims process*." (Emphasis in original.) Id. at 504.

DeOliveira clearly applies to bar the nine counts of Desmond's amended complaint regarding CUTPA, negligence, and breach of duty because those counts allege that the defendants sought to delay or to deny certain medical treatments in the course of the workers' compensation claims process. Although Desmond argues that the exclusivity provision of the Workers' Compensation Act should be interpreted differently, this Court is bound to follow the Connecticut Supreme Court's interpretation.

**Desmond also argues that her case fits within a narrow exception for intentional torts. That exception requires a "high threshold for the type of intent necessary for an intentional tort action to avoid the exclusionary provision—the employer actually must have intended to injure the plaintiff or intentionally had created a dangerous condition that made the plaintiff's injuries substantially certain to occur." Id. at 506 n.14. As the DeOliveira court explained, "there could be an instance in which an insurer's conduct related to the processing of a claim, separate and apart from nonpayment, might be so egregious that the insurer no longer could be deemed to be acting as an agent of the employer and, thus, a claim arising from such conduct would not fall within the scope of the [Workers' Compensation Act]." Id. at 507.**

**In the present case, Desmond argues that her case satisfies the narrow exception because her physician warned the defendants that her condition would worsen unless they approved payment for the medical treatments that she sought. DeOliveira indicates, however, that such circumstances are not egregious enough to satisfy the narrow exception. See id. (citing a case alleging that a defendant caused a plaintiff to suffer a physical and mental breakdown requiring hospitalization, and another case alleging that a defendant intended to provoke a plaintiff to commit suicide). Because DeOliveira bars Desmond's state law claims, and her allegations do not meet the threshold for intentional torts, counts two through ten of her amended complaint are dismissed.**

**Only Desmond's ADA claim remains, and Yale-New Haven Hospital moves**

to dismiss it on the ground that Desmond's amended complaint does not contain a "short and plain statement of the claim" as required by Fed. R. Civ. P. 8(a). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. . . .  The statement should be short because [u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  "Dismissal [for failure to comply with Rule 8(a)], however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id.

     Desmond's amended complaint is 88 pages long, and she has numbered 3,084 paragraphs of factual allegations.  Although Yale-New Haven Hospital is correct that the amended complaint is not short and plain, it is not so unintelligible as to warrant dismissal.  Most of the complaint discusses Desmond's state law claims, which the Court has dismissed, and there are comparatively few pages devoted to the ADA claim.  In light of the dismissal of the state law claims, Desmond shall amend her complaint to remove allegations relating to the dismissed claims.

     The Yale-New Haven defendants' motion to dismiss [Doc. #30] is GRANTED as to counts three, four, five, eight, nine, and ten, and DENIED as to count one.

**Concentra's motion to dismiss all of the counts against it (counts two, six, and seven) [Doc. #31] is GRANTED.  This case shall proceed against only Yale-New Haven Hospital on Desmond's claim of a violation of the ADA, and Desmond shall file an amended complaint within two weeks of this ruling.**

             **IT IS SO ORDERED.**

              /s/
             **Vanessa L. Bryant**
             **United States District Judge**

**Dated at Hartford, Connecticut:  March 23, 2009.**